**Auto Mechanics Local 701, International Association of Machinists, Appellee, v. Chicago Automobile Trade Association and Clayton Dean Chevrolet Company, Appellants.**

**Gen. No. 37,677.**

Opinion

filed January 8, 1935.

MAYER, MEYER, AUSTRIAN & PLATT and EVERT O. HUTCHINS, all of, Chicago, for appellants; FREDERIC BURNHAM, of Chicago, and EVERT O. HUTCHINS, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On May 22, 1934, plaintiff filed its verified bill against the Chicago Automobile Trade Association to restrain it from violating section 7(a) of the National Industrial Recovery Act as incorporated into the Code of Fair Competition of the Motor Vehicle Retailing Trade. On the day following, May 23rd, Clayton Dean Chevrolet Co., a corporation, by leave of court filed its petition praying that it be made a party defendant. On the same day an order was entered authorizing the Chevrolet company to enter its appearance as a defendant. June 5th the Chevrolet company filed its motion to dismiss the bill of complaint setting up a number of grounds. The next day, June 6th, plaintiff filed its verified amended bill and on the same day an order was entered which recites that the matter came on to be heard on motion of attorney for plaintiff that a temporary injunction issue "without notice and without bond"; that the court read the verified amended bill in support of the motion, and for good cause shown it was ordered that the writ issue without notice and without bond, enjoining the defendants substantially as prayed for in the amended bill. It is to reverse this injunctional order that defendants prosecute this appeal.

After the record was filed in this court, on motion of defendants the force of the injunctional order was suspended by this court pursuant to sec. 78 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 206. Plaintiff has filed no brief in this court.

The question for decision is, Does the amended bill state a cause of action? Plaintiff, the Auto Mechanics Local No. 701, International Association of Machinists, alleges that it is a labor union organization, affiliated with the American Federation of Labor; that its membership is open to all persons engaged in the trades of auto mechanics, etc.; that the purpose of this organization is to offer to its membership the means of bargaining collectively with their employers through representatives of their own choosing in all matters affecting their employment; that plaintiff is the authorized agent of a number of persons who are employed by persons or concerns engaged in selling automobiles at retail and who are members of the defendant, Chicago Automobile Trade Association; that the defendant, Chicago Automobile Trade Association, is an organization composed of individual retail dealers in new and used automobiles who employ a large number of skilled mechanics who are members of plaintiff's union; that these employees are authorized by the National Industrial Recovery Act to bargain collectively with their employers through representatives of their own choosing; that to carry out the policy of the N. I. R. A., Codes of Fair Competition have been approved as provided by the Act.

It is further alleged that the defendant, Chicago Automobile Trade Association, has notified its members who are engaged in selling, at retail, new and old automobiles, not to enter into any agreement with their employees, but that the matter of entering into such agreements be referred by the members to the defendant, and a number of specific instances are set

forth, the effect of which is to show that defendant, Chicago Automobile Trade Association, has violated the N. I. R. A. and the Code adopted pursuant to that Act. In the view we take of the case, we think it unnecessary to further set forth the allegations of the amended bill because we have reached the conclusion that suits of this character cannot be maintained by individual members of an industry under the National Industrial Recovery Act, but that such suits must be brought as section 3 of that act provides, by the U. S. District attorneys. *Purvis v. Basemore,* 5 Fed. Supp. 230; *Stanley v. Peabody Coal Co.,* 5 Fed. Supp. 612; *Western Powder Mfg. Co. v. Interstate Coal Co.,* 5 Fed. Supp. 619; *Progressive Miners of America v. Peabody Coal Co.,* 7 Fed. Supp. 340. Under these authorities we hold that plaintiff cannot maintain this suit. Sec. 3 (c) provides: "The several district courts of the United States are hereby invested with jurisdiction to prevent and restrain violations of any code of fair competition approved under this title."

We are also of opinion that the suit cannot be maintained under the State Industrial Recovery Act, approved May 14, 1934, in force July 1, 1934, even if that Act might be held applicable although not effective until after the injunctional order complained of was entered. (*Texas Co. v. Brown,* 258 U. S. 466.)

Section 6 of the State Industrial Recovery Act provides that "Any person subject to and complying with the terms and conditions of any code of fair competition which has been or may be approved pursuant to the terms of the National Industrial Recovery Act, . . . may institute a suit to prevent and restrain any violation of any provision thereof within this State in any court of competent jurisdiction . . . ." Sec. 6½ of that Act expressly provides (p. 184) that no "suit to prevent and restrain any violation in accordance with section 6 of this Act shall be instituted unless the

written consent of both the Attorney General of this State and the Compliance Director for the National Recovery Administration for the State of Illinois, appointed by the President of the United States, has first been obtained.'' Special Session Laws of 1933, 1934, p. 184. And since there is no allegation that the written consent of the Attorney General or the Compliance Director was obtained (which obviously could not have been done because the Act was not passed until after the amended bill was filed), the bill cannot be maintained.

From what we have said it follows that the injunctional order appealed from must be reversed.

*Order reversed.*

McSURELY and MATCHETT, JJ., concur.